# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:08-cv-00192-W

| | |
|---|---|
| ALFRED T. THOMAS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) **ORDER**<br>UNITED STATES OF AMERICA, )<br>PETER GILCHRIST, NATHANIEL P. )<br>PROCTOR, YVONNE MIMS-EVANS, )<br>GRAHAM C. MULLEN, TIM D. SMITH, )<br>THOMAS C. PORTER, and HELMS, )<br>MULLISS & WICKER, PLLC, )<br>)<br>Defendants. )<br>) | |

THE MATTER is before the Court upon Plaintiff's motion for leave to proceed *in forma pauperis* and the corresponding complaint against the United States of America, District Attorney Peter Gilchrist, the Honorable Nathaniel P. Proctor, the Honorable Yvonne Mims-Evans, The Honorable Senior United States District Judge Graham C. Mullen, Tim D. Smith, Thomas C. Porter, and Helms, Mulliss & Wicker, PLLC. The Court has reviewed the Complaint and determines it to be frivolous. The complaint alleges causes of action against three judges. No facts are disclosed that would remove this case from the well-established rule that judges are immune from civil liability for actions performed in their judicial capacity. As the United States Supreme Court definitively stated in Peirson v. Ray, 386 U.S. 547, 554 (1967):

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.

As to all other remaining defendants, those claims are also frivolous. Indeed, the complaint states no set of facts that would entitle Plaintiff to relief. See Thomas v. Helms, Mulliss, Wicker PLLC, No. 3:07-cv-00052- (W.D.N.C. Mar. 7, 2007; Apr. 3, 2007), aff'd by unpublished opinion, Thomas v. Helms, Mulliss, Wicker PLLC, 07-1325 (4th Cir. June 26, 2007); see also Thomas v. Mullen, 3:07-cv-231 (W.D.N.C. June 18, 2007). Moreover, the allegations against the United States of America, District Attorney Peter Gilchrist, Tim D. Smith and Thomas C. Porter fail to set forth any cognizable claim over which this Court has jurisdiction. See 28 U.S.C. §§ 1331, 1332, 1333; see also Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 370 (4th Cir.2001) ("The well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint."). In sum, Plaintiff's filings are incomprehensible and fail to allege any cogent facts or legal theories to support a claim.

Accordingly, the Court DENIES Plaintiff's motion to proceed *in forma pauperis* and DISMISSES the Complaint with prejudice. 28 U.S.C. § 1915(e)(2)(B). The Clerk is DIRECTED to CLOSE the case.

    IT IS SO ORDERED.

Signed: May 1, 2008

Frank D. Whitney
United States District Judge